No. 852

LONDON v. KORNMAN

Ohio Appeals, 8th District, Cuyahoga County
No. 4609. Decided Oct. 22, 1923

322. REPLEVIN.

Question of right or wrong as to possession goes only to matter of costs—Other questions not decided, as part only of the record is before the court by reason of deficiency of record.

Vickery, Sullivan and Levine, JJ.

PER CURIAM.

Epitomized Opinion

Error to Cleveland Municipal Court

This action was for replevin and for damages for injury to and wrongful detention of the property. Kornman was a tenant of London, and he and his wife had gone away for the summer. Each thought the other had paid the rent, unpaid. London took the property and stored it under his own name. When Kornman came back to resume living in his apartment he found it rented to someone else and the furniture in storage. He then brought this action and recovered something over $400. The Court of Appeals held:

From the statement of counsel and record, Kornman was clearly entitled to the possession of the property and to recover, and whether it was kept from him wrongfully or not, the question of right or wrong would go only to the matter of cost in the action, so far as the replevin is concerned, and there can be no question but the decision of the court below was right.

But it was claimed that the damages assessed were too great, and that the court used a wrong rule in assessing them.

It was also argued that the suit should have been for conversion and not replevin. But of this the court is unable to tell, as there was no stenographer one day of the trial, and from the record and bill of exceptions, there being no part of that evidence in it.

Under the law, plaintiff was entitled to recover certain damages for wrongful detention of the property, and because all the record is not before us, we cannot tell but what the amount recovered as rightful. We are therefore compelled to affirm the action of the court below.

Attorneys—Price, Shepard and Graves, for London; Norman E. Kohan, for Korman.

No. 853

MARANDA v. STATE

Ohio Appeals, 9th District, Summit County
No. 705. Decided April 3, 1923

331. WITNESS.

Limit of cross-examination of accused as to former crime—Error appears, but not prejudicial, as court believes accused guilty to a moral certainty.

WASHBURN, J.

Epitomized Opinion

Mrs. Maranda was indicted for the crime of arson. The evidence disclosed that she and Mrs. O'Connor conducted a boarding house, Mrs. Maranda furnishing the furniture, which she had insured for $1,500 —a sum greatly in excess of its value. Five days after she paid the first premium, the building was set on fire and the house and furniture damaged. The fire was of incendiary origin, as kindling and paper saturated with oil were found in several parts of the house. Just prior to the fire Mrs. O'Connor had moved all her belongings out of the house and was in the building at the time it was set on fire. She testified that Mrs. Maranda planned the fire and prepared the "plants."

Six years previous to this fire Mrs. Maranda had a fire in another house of hers. She was indicted and tried, but discharged on the ground there was no proof of the corpus delicti. The case was taken to the Supreme Court, which held the trial court erred in directing the acquittal. It was claimed she signed a confession as to the first fire.

Before the jury was impaneled her attorney asked the court to instruct the prosecuting attorney to refrain from referring to the former trial. This request was denied. The jury were examined concerning their knowledge of the first fire. In his opening statement to the jury, State's attorney said the evidence would show that Mrs. Maranda confessed to having set the first fire. The court instructed the jury to disregard this statement, but refused to tell the jury to disregard the statement that the evidence would show she was a fire-bug. During the trial Maranda was cross-examined at length concerning the first fire, her confession, and what she had said to Mrs. O'Connor concerning it over the objection of her attorney. The court in his charge to the jury specifically instructed them that this testimony must be considered for the sole purpose of attacking her credibility. In affirming the judgment, the Court of Appeals held:

1. While in the discretion of the trial court wide latitude is permitted in cross-examination as to the credibility of a witness, we cannot approve of the latitude allowed in this case and are of the opinion that there was error on the part of the trial judge, but we cannot say it clearly appears that there was prejudicial error justifying a reversal (6 OS. 288; 42 OS. 154), because we are satisfied of the guilt of the defendant to a moral certainty.

Attorneys—Greenberger & Hotchkiss, for Maranda; A. W. Doyle and W. B. Wanamaker, for State.